FILED
CLERK, U.S. DISTRICT COURT
7/31/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: KMA DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE CERVANTES-GOMEZ,<br>aka "Ventura,"<br><br>Defendant. | CR 2:26-cr-00492-SRM<br><br>I N D I C T M E N T<br><br>[7 U.S.C. § 2024(b)(1): Illegal Trafficking in SNAP Benefits; 18 U.S.C. § 981(a)(1)(C), 7 U.S.C. § 2024(f), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

A. SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM

1. The United States Department of Agriculture ("USDA"), Food and Nutrition Service ("FNS") was a federal agency responsible for the administration and implementation of the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program.

2. The purpose of SNAP was to provide low-income households with funds to purchase eligible food items. This purpose was

implemented, in part, by providing SNAP benefits to SNAP recipients that could be used to buy eligible food items at authorized retailers. SNAP benefits could lawfully be used to purchase eligible food items only; they could not be used to purchase any non-food or other non-eligible items and could not lawfully be exchanged for cash.

3. To become authorized to participate in SNAP as a retailer, store owners were required to complete, sign, and submit to the USDA an application describing, among other things, the size and nature of the food store's operations and the identities and certain background information concerning the store's owner(s). In the applications, the store owners also had to sign and certify that they were aware they would be subject to penalties for violating the rules of the program, and that they took responsibility for all violations of the rules, including exchanging SNAP benefits for cash.

4. SNAP recipients obtained SNAP benefits via Electronic Benefit Transfer ("EBT") cards. An EBT card, similar to an ATM card, was issued in the name of the individual SNAP recipient. A personal identification number ("PIN") known to the card holder was assigned to each card. Each EBT card had a magnetic strip containing electronically coded information associated with the particular SNAP recipient, including the dollar amount of the benefits to which he or she was entitled. On a monthly basis, SNAP benefits were credited electronically to an account associated with a recipient's EBT card.

5. To purchase eligible food items using an EBT card at an authorized retailer, a store cashier or the recipient would swipe the recipient's EBT card through a point of sale ("POS") terminal located

at the checkout counter of the retailer, and the recipient would enter his or her PIN into a keypad on the POS terminal in order to authorize the purchase.

6. Once an EBT card was swiped through a POS terminal and the PIN was entered, the transaction was either approved or rejected. If a transaction was approved, SNAP benefits in the amount of the transaction would be debited from the recipient’s EBT card account and a wire transfer for the same amount would be made into a designated bank account of the authorized retailer to whom the POS terminal was registered.

7. The State of California EBT card system is operated under contract with Fidelity Informational Services, LLC (“FIS”). Under this contract, when a SNAP recipient purchases food using his or her EBT card, FIS electronically debits the EBT account of the food stamp recipient in the amount of the food purchased. Within a few days, the retailer’s bank account is credited by FIS in an amount equal to the aggregate value of all SNAP transactions completed within that time frame. FIS subsequently is reimbursed by the state of California for the SNAP benefits issued to the retailers. The state of California, in turn, is then reimbursed by the FNS.

COUNTS ONE THROUGH THREE

[7 U.S.C. § 2024(b)(1)]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, defendant JESSE CERVANTES-GOMEZ ("CERVANTES-GOMEZ"), also known as "Ventura," knowingly used, transferred, acquired, and possessed, and caused to be used, transferred, acquired, and possessed, Supplemental Nutrition Assistance Program ("SNAP") benefits having a value of more than $100, in a manner not authorized by Title 7, United States Code, Chapter 51, and the regulations issued pursuant therefore (Title 7, Code of Federal Regulations, Subchapter C), knowing that the use, transfer, acquisition, and possession was not authorized by law. Specifically, defendant CERVANTES-GOMEZ knowingly and unlawfully purchased and caused to be purchased SNAP benefits in the approximate amounts identified below, in exchange for cash in the approximate amounts identified below:

| **COUNT** | **DATE** | **SNAP BENEFITS AMOUNT** | **CASH AMOUNT** |
|---|---|---|---|
| ONE | May 19, 2026 | $2,900 | $1,450 |
| TWO | June 2, 2026 | $3,481.08 | $1,740 |
| THREE | June 10, 2026 | $3,240.96 | $1,620 |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C), 7 U.S.C. § 2024(f), and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 7, United States Code, Section 2024(f) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States the following:

(a) All right, title and interest in any and all property, real and personal, which constitutes or is derived from proceeds traceable to any such offense;

(b) All right, title and interest in any property, real and personal, which was used in a transaction, or attempted transaction, to commit or to facilitate the commission of any such offense; and

(c) To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division



FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

CHRISTOPHER JONES
Assistant United States Attorney
General Crimes Section